# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-1785V
Filed: November 26, 2024

|  |  |
|---|---|
| TIMOTHY RODRIGUES,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, Memphis, TN, for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 1, 2021, petitioner filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that he suffered bullous pemphigoid and/or small fiber neuropathy as a result of an August 29, 2019 tetanus diphtheria and acellular pertussis ("TDaP") vaccination. (*Id.*) A decision was issued on March 5, 2024, awarding damages based on the parties' stipulation. (ECF No. 41.) On April 25, 2024, petitioner filed a final motion for attorneys' fees and costs. (ECF No. 46.) Petitioner requests a total of $169,814.10, including $117,383.00 for attorneys' fees and $52,431.10 for costs. (*Id.* at 7.)

On April 26, 2024, respondent filed a response to petitioner's motion. (ECF No. 47.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

1

respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1.) Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.) Respondent requests "that the [c]ourt exercise its discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3.)

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

I have reviewed the billing records submitted with petitioner's request. (ECF No. 46-2.) Based on my experience and considering that respondent has not raised any objection with particularity (*see* Vaccine Rule 13(a)(3)), the request appears reasonable and the undersigned finds no cause to reduce the requested hours or rates.[3] I have

---

[3] Petitioner's counsel did bill some partial travel time to this case for a trip that had the dual purpose of attending the court's judicial conference and also meeting with an expert local to D.C. Although counsel does sometimes split travel costs between different cases, those are instances where the involved travel is clearly chargeable to the program and simply divvied up among different cases  Here, attendance at the court's judicial conference raises a question of whether billing for any portion of the travel to D.C. is chargeable to the program, given that the travel likely would have occurred regardless of the meeting with the expert. Because this appears to be a novel issue, and because respondent has not objected, I will not make a reduction *sua sponte*. Counsel is cautioned, however, that if this type of billing arrangement

also reviewed the cost records submitted with petitioner's request.  (ECF No. 46-2.)  The undersigned finds the costs to be reasonable.

**Accordingly, the undersigned awards a lump sum of $169,814.10 in the form of a check jointly payable to petitioner and petitioner's counsel, Michael G. McLaren, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

is included in future requests, it will need to be substantiated with an appropriate argument favoring the practice.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.